ARMED SERVICES BOARD OF CONTRACT APPEALS

| | |
|---|---|
| Appeal of -- | ) |
| | ) |
| Lael Al Sahab & Co. | )     ASBCA No. 58346 |
| | ) |
| Under Contract No. W91GET-07-M-0063 | ) |

APPEARANCE FOR THE APPELLANT:     Mr. Alie Sufan
            Owner

APPEARANCES FOR THE GOVERNMENT:     Raymond M. Saunders, Esq.
            Army Chief Trial Attorney
            CPT Vera A. Strebel, JA
            Trial Attorney

## OPINION BY ADMINISTRATIVE JUDGE MELNICK ON THE GOVERNMENT'S MOTION TO DISMISS

This appeal involves a contract for street cleaning and grounds maintenance services in Iraq. In a previous decision we dismissed the majority of the appeal, except for a claim for $8,250 in withheld funds. *Lael Al Sahab & Co.,* ASBCA No. 58346, 13 BCA ¶ 35,394. The government now moves to dismiss the remainder of the appeal. We deny the motion.

## STATEMENT OF FACTS FOR PURPOSES OF THE MOTION

In 2007, Lael Al Sahab & Co. executed a commercial items contract with the Joint Contracting Command – Iraq/Afghanistan (government) for street cleaning and grounds maintenance services in Iraq (R4, tab 1). On 4 October 2012, Mr. Alie Sufan transmitted a notice of appeal to this Board on behalf of Lael Al Sahab, seeking an outstanding balance of $11,000 and an additional $1,000,000 resulting from a "fake" report.

Mr. Sufan has represented Lael Al Sahab since filing the notice of appeal. In a 21 February 2013 letter, he explained he is the director and owner of the company (Bd. corr. ltr. dtd. 21 February 2013). Accordingly, the Board's 19 August 2013 opinion, dismissing the majority of the appeal with the exception of a claim for $8,250, identified Mr. Sufan as the company's owner. *Lael Al Sahab,* 13 BCA ¶ 35,394 at 173,660.

The government now moves to dismiss the remainder of the appeal, contending that Lael Al Sahab has failed to comply with Board Rule 15 because Mr. Sufan is not an

officer of the corporation.[1] Alternatively, the government seeks dismissal for lack of jurisdiction on the ground that Lael Al Sahab represented that it has ceased to exist, and therefore lacks capacity to maintain the appeal.

DECISION

## I.    Board Rule 15

Under Board Rule 15, if a corporation is not represented by an attorney then it must be represented by one of its officers. We have previously been satisfied that Mr. Sufan's status as a director and owner meets that requirement. However, the government contends that it requested Mr. Sufan to produce documents "prov[ing] that he was an officer or an owner of the corporation" and that what he provided fails to do so (gov't mot. at 7). The government overstates what it requested. The only relevant document requests provided by the government, numbers 6 and 7, seek "documents regarding Mr. Alie Sufan as owner of Lael Al Sahab in 2007 and 2012" or his "current ownership of Lael Al Sahab" (gov't mot., ex. 5 at 8). They fail to ask for anything proving he is an officer.

According to the government, as part of his document production, Mr. Sufan provided a single sheet and translation that appears to be the last page of a document identifying him as an "investor" in an unidentified entity (gov't mot., ex. 9). The government has produced a second document and translation (without identifying its source or providing evidence of authenticity) that its counsel represents is the complete version of the document provided by Mr. Sufan. That translation indicates that the document is the 19 November 2005 Minutes of Incorporation of Layl Al-Sahab Company General Contracting & Trading Ltd. It purports to establish the company and name a chairman, deputy executive director, auditor, and legal advisor, none of whom are Mr. Sufan. However, Ali Abdullah Sofan is named as one of three company shareholders. (Gov't mot., ex. 10)

The government argues that because it requested Mr. Sufan to produce documents proving he is an officer of the company, and the minutes the government has presented to allegedly complete his production fail to do so, we should dismiss the appeal. Even if we were to find the government's document from 2005 to be authentic, it is irrelevant to this appeal filed in 2012. What is relevant are other materials presented by the government, such as Mr. Sufan's interrogatory responses stating that Mr. Sufan was the manager of Lael Al Sahab in 2012, as well as his current filings making the same representation now (gov't mot., ex. 8; Bd. corr. ltrs. dtd. 23 & 28 May 2014). As noted, Mr. Sufan has

---

[1]    At the time the government filed its motion, the provision it relies upon was located in Rule 26. The Board revised its rules on 21 July 2014, relocating the provision to Rule 15.

2

already represented to the Board that he is an owner of the corporation (which is also supported by the government's document naming him as a shareholder) and a director. In this case, we accept Mr. Sufan's status as the company's manager, director, and an owner, to meet the requirements of Rule 15.

## II. Capacity to Appeal

In the alternative to its Rule 15 contention, the government argues that Lael Al Sahab has "ceased to exist" and therefore lacks capacity to maintain an appeal (gov't mot. at 9). The government bases this suggestion upon Mr. Sufan's responses to its interrogatories, which state that "the company [has been] closed since [January] 2014," and that the company "dismiss[ed] all [its] workers in 2010, but the company still valid but not active since then" (gov't mot., exs. 8, 11). It also notes his statement that the company has not received new contracts since 2009 (Bd. corr. ltr. dtd. 28 May 2014).

The government's argument is unpersuasive. Mr. Sufan did not say that Lael Al Sahab has "ceased to exist" or is dissolved. Indeed, Mr. Sufan said that the company is still "valid." The most the government can claim from his statements is that the corporation is not currently engaging in any business or employing anyone. Furthermore, even if the corporation has dissolved, that fact would not necessarily bar it from pursuing an appeal to this Board. Whether it could do so would depend upon the law of its place of incorporation. *RMS Technology, Inc.*, ASBCA No. 50954, 00-1 BCA ¶ 30,763; *Micro Tool Engineering, Inc.*, ASBCA No. 31349, 87-1 BCA ¶ 19,372. Thus, we would look to the law of Iraq. *See Rosinka Joint Venture*, ASBCA No. 48143, 97-1 BCA ¶ 28,653 at 143,138 (applying Russian Federation law to determine the capacity of a joint venture formed under Russian law), *aff'd*, 135 F.3d 775 (Fed. Cir. 1998) (table). Given that the government asks us to consider the law of a foreign country, the government should bear the burden of demonstrating its application. Board Rule 6(c); *Weigel Hochdrucktechnik GmbH & Co. KG*, ASBCA No. 57207, 12-1 BCA ¶ 34,975 at 171,924. The government has made no showing that a dissolved Iraqi corporation cannot pursue an action such as this. Thus, the government has failed to demonstrate that Lael Al Sahab lacks capacity to maintain this appeal.

## CONCLUSION

The government's motion to dismiss is denied.

Dated: 2 September 2014

MARK A. MELNICK
Administrative Judge
Armed Services Board
of Contract Appeals

I concur

MARK N. STEMPLER
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

I concur

RICHARD SHACKLEFORD
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA No. 58346, Appeal of Lael Al Sahab & Co., rendered in conformance with the Board's Charter.

Dated:

JEFFREY D. GARDIN
Recorder, Armed Services
Board of Contract Appeals

4